# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RYAN K. BLANKENSHIP,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00045 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SWVRJA DUFFIELD VA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Ryan K. Blankenship, Pro Se Plaintiff.*

Ryan K. Blankenship, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that he has been denied a follow up eye exam at the Southwestern Virginia Regional Jail ("SWVRJ") in Duffield, Virginia. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Blankenship sues the SWVRJA ("the jail authority") alleging that

> I have failing vision in my left eye. I saw medical here at the jail [in October 2016], where I was given an eye exam. The doctor explained he couldn't help me at this facility.
>
> He stated they don[']t provide health care for vision[.] I failed a grievance and their reply was they had an on site provider that would see me as a follow up.

Compl. 2, ECF No. 1. He says that at the time he filed this action on January 30, 2017, he had not received additional eye care at the jail. As relief in this action, Blankenship seeks a transfer to "a DOC [Virginia Department of Corrections] facility that can actually pro[v]ide proper eyecare." *Id.*

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[1]

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To prove that a governmental entity, such as a local jail authority, is liable under § 1983 for constitutional violations committed by its employees, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). "Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Blankenship states no facts linking the alleged denial of follow up eye care where he is presently confined to a specific policy or decision "officially adopted" by the governing body of the jail authority. Therefore, his Complaint fails to state an actionable claim against this entity, the only defendant that he has named. Therefore, I must summarily dismiss this action without prejudice under § 1915A(b)(1).[2]

---

[2] In any event, Blankenship has not stated facts suggesting any actionable constitutional claim against anyone at the jail, consistent with his current allegations. "A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). An inmate alleging a deliberate indifference claim must establish that his medical condition was objectively serious—that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). The inmate must also show that the official subjectively knew of and disregarded an excessive risk to the inmate's health or safety. *Jackson*, 775 F.3d at 178. The deliberate indifference component of this standard requires proof of intent beyond mere negligence, errors in medical judgment, inadvertent oversights, or disagreements the prisoner may have with the medical staff about the appropriate treatment plan. *Id.*

Blankenship's allegations do not state facts showing that after his eye examination at the jail, anyone there knew facts indicating that he suffered from a serious medical need for different treatment than he received. At the most, he suggests that unspecified jail staff members negligently diagnosed his condition or negligently failed to schedule him promptly for a follow up eye examination. Such negligence cannot support a claim of unconstitutional punishment so as to be actionable under § 1983.

A separate Final Order will be entered herewith.

DATED: May 5, 2017

/s/ James P. Jones
United States District Judge